# KENNEY & KEARNEY LLP
ATTORNEYS AT LAW
WOODLAND FALLS CORPORATE PARK
220 LAKE DRIVE EAST, SUITE 210
P.O. BOX 5034
CHERRY HILL, NEW JERSEY 08034-0421
(856) 779-7000

Attorneys for Plaintiff

By:   **Thomas J. Hagner, Esquire - TH 1686**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| Plaintiff(s),<br><br>LAWRENCE E. SARLO<br><br>v.<br><br>Defendant(s),<br><br>BROADSPIRE SERVICES, INC. and LUMBERMAN'S MUTUAL CASUALTY COMPANY | CIVIL ACTION No.<br><br>**COMPLAINT** |

Plaintiff, Lawrence E. Sarlo, by way of Complaint against Defendants says:

1. This is an action to redress the wrongful denial of long term disability benefits rightfully due to the Plaintiff pursuant to a certain insurance policy, No. 5KH001021, issued by the Defendant, Lumberman's Mutual Casualty Company (hereinafter "Lumberman's Mutual") to Cellco Partnership d/b/a Verizon Wireless.

### JURISDICTION AND VENUE

2. This action is brought pursuant to Section 502(a)(1)(B) and (g)(1) of ERISA, 29 U.S.C. § 1132(a)(1)(B) and (g)(1). This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and Section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1). Pursuant to Section 502(f) of ERISA, 29 U.S.C. § 1132(f), this Court has jurisdiction without respect to the amount in controversy or the citizenship of the parties.

3. Venue is proper in this District pursuant to 28 U.S.C. Section 1391(c) in that there were sufficient contacts in this District by defendant including the marketing, selling and issuance of the subject policy of insurance as well as frequent contacts with the plaintiff herein.

## PARTIES

4. Lawrence E. Sarlo is an individual residing at 2 Galena Court, Erial, New Jersey 08081.

5. Defendant Lumberman's Mutual is a corporation with its principal place of business at 1601 S.W. 80th Terrace, Plantation, Florida 33324, and upon information and belief is licensed and authorized to market long term disability insurance in the State of New Jersey among other jurisdictions.

6. Defendant, Broadspire Services, Inc. is a corporation with a principal place of business of Plantation, Florida 33324 and, upon information and belief is involved in the administration of the above referenced insurance policy and/or the Verizon Wireless Long-term disability Plan.

## FACTUAL BACKGROUND

7. At all times relevant to this litigation, Plaintiff was employed by Verizon Wireless.

8. On or about July 6, 2001 Plaintiff sustained a serious brain injury as a result of a motor vehicle accident resulting in multiple impairments, dysfunctions and cognitive deficits.

9. Plaintiff duly submitted an application for long-term disability benefits, supporting same with multiple medical records including objective evidence of a closed head injury among other things validating his subjective complaints of amnesia, personality change and other cognitive deficits.

10. In support of his application for long-term disability benefits Plaintiff submitted, among other things, a medical report indicating that he was 100% permanently and totally disabled and unemployable due to the motor vehicle accident of July 6, 2001 because of the traumatic brain injury that he sustained.

11. Because of his disabling medical condition, Plaintiff is totally disabled within the meaning of the above-referenced insurance policy.

12. Lumberman's Mutual Casualty Company and/or Broadspire Services, Inc. initially denied Plaintiff's claim for long-term disability benefits under the subject policy.

13. Pursuant to and in accordance with the subject policy, the Plaintiff duly filed an

appeal on August 12, 2004.

14. To date, Defendants have failed and/or refused to act on Plaintiff's appeal and hence same is deemed denied.

### FIRST COUNT - ERISA

15. Lumberman's Mutual Group Policy No. 5KH001021 is an employee benefit plan within the meaning of Section 3 of ERISA, 29 USC § 1002(3).

16. In light of Mr. Sarlo's permanent disabilities, defendant is obligated to provide him with long-term disability benefits under the subject policy.

17. Defendants have wrongfully failed and refused to provide Plaintiff with the benefits he is entitled to receive pursuant to the subject long-term disability policy despite Plaintiff having duly made a claim and exhausted all necessary administrative remedies.

18. The failure of Defendants to provide Plaintiff with long-term disability benefits is a violation of ERISA.

19. As a direct and proximate result of the aforesaid denial of benefits, Plaintiff has sustained, and continues to sustain, economic loss and damage.

20. Pursuant to Section 502(a)(1)(b) of ERISA, 29 U.S.C. § 1132(a)(1)(b), Defendants are obligated to provide Plaintiff with all past and future benefits that have been wrongfully denied.

21. Pursuant to §502(g)(1) of ERISA, 29 U.S.C. §1133(g). Defendants are also liable to Plaintiff for his reasonable attorney's fees incurred and costs of this action.

**WHEREFORE,** Plaintiff demands judgment against Defendants Broadspire Services, Inc. and Lumberman's Mutual Casualty Company together with attorney's fees, interest and costs of suit.

KENNEY & KEARNEY LLP
Attorneys for Plaintiff

BY: _____
Thomas J. Hagner, Esq.

Date: December 6, 2004

-3-